James A. Michel
State Bar No. 184730
2912 Diamond St. #373
San Francisco CA 94131
415/ 239-4949
(Fax 239-0156)
attyjmichel@gmail.com

Attorney for Plaintiff
YINKA REED-NOLAN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| YINKA REED-NOLAN, an individual, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT |
| | DEMAND FOR JURY TRIAL |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3, a Delaware Statutory Trust, PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation; and TRANSWORLD SYSTEMS, INC., a California corporation and DOES 1 through 10, inclusive, | 15 United States Code § 1692 *et seq.* California Civil Code § 1788 *et seq.* |
| Defendants. | |
| _____/ | |

Plaintiff YINKA REED-NOLAN, based on information and belief and investigation of counsel, except for those allegations which pertain to the named plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

### INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by individual consumers for Defendants' violations of the Fair Debt Collection Practices Act, 15 United States Code section 1692 *et seq.* (FDCPA) and

the Rosenthal FDCPA, California Civil Code section 1788 *et seq*. (RFDCPA), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

## JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA).

VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Alameda County.

PARTIES

8. Plaintiff YINKA REED-NOLAN is a natural person residing in San Francisco County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of California Civil Code § 1788.2(h).

9. Defendant NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3 (NCT) is a Delaware statutory trust engaged in the business of collecting debts in this State with its principal place of business located in Delaware. NCT may be served by serving its Registered Agent, Wilmington Trust Company, whose business address is Rodney Square North, 1100 N Market St., Wilmington, DE 19890. Plaintiffs are informed and believe and thereon allege that NCT has no employees or officers but acts only through its servicer or subservicer.

10. Defendant PATENAUDE & FELIX, A PROFESSIONAL CORPORATION (P&F) is a California corporation engaged in the business of collecting debts in this State with its principal place of business located in California at 4545 Murphy Canyon Road, 3rd Floor San Diego, CA 92123-4363. P&F may be served by serving its Registered Agent, Raymond Patenaude, whose business address is 4545 Murphy Canyon Road, 3rd Floor San Diego, CA 92123-4363. The principal

business of P&F is collection of consumer debts and filing and maintaining civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. P&F regularly collects, directly or indirectly, consumer debts it acquires in default (or has treated the debt as if it were in default at the time of acquisition) via U.S. Mail, telephone, internet, and civil debt collection lawsuits. P&F is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

11. Defendant TRANSWORLD SYSTEMS, INC. (TSI) is a California corporation (formerly known as NCO Financial Systems, Inc., a Pennsylvania corporation), currently registered with the California Secretary of State with an address of 360 N. Crescent Dr. S Bldg, Beverly Hills CA 90210. TSI may be served by serving CT Corporation System, 818 West Seventh St., #930, Los Angeles CA 90017. TSI is engaged in the business of collection of consumer debts and hiring attorneys to file and maintain civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. Plaintiff is informed and believes and thereon alleges that TSI directs and manages litigation on behalf of entities such as NCT, by referring NCT's cases to law firms such as P&F. TSI claims to be the Subservicer on behalf of NCT and similar student loan trusts and claims to be the dedicated custodian of records for the trusts. As such, TSI executes affidavits regarding account documents, verifies responses to discovery and provides testimony on behalf of the student loan trusts. Plaintiff is informed and believes, and thereon alleges, that TSI provided information about plaintiff to P&F which was intended to, and was used, in an attempt to collect consumer debt. Specifically, Plaintiff is informed and believes and thereon alleges that TSI provided residence address information to P&F and TSI provided documents to P&F purporting to establish that Plaintiff was in a Debtor-Creditor relationship with NCT, to ratify and support P&F's attempt to collect consumer debt from Plaintiff. TSI provided an affidavit signed by one of its employees to be

filed in Superior Court for the purpose of obtaining a default judgment against Plaintiff. TSI regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. TSI is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

12. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants DOES 1 through 10, inclusive, are natural persons, limited liability companies, corporations or business entities of unknown form that have or are doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious names of these DOE Defendants with their true names when they are discovered by Plaintiff.

13. At all relevant times alleged in this Complaint, Defendants, and each of them, were regularly engaged in the business of collecting consumer debts throughout the state of California, including Alameda County, by assisting the other debt collectors in filing and maintaining civil debt collection lawsuits and in obtaining default judgments in those cases by utilizing the U.S. Mail, telephone and internet.

14. Plaintiff is informed, believes and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, *respondeat superior*, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

15. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each of the Defendants sued herein was the agent,

servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

## **FACTUAL ALLEGATIONS**

### The Underlying Alleged Debt

16. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account ("the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

17. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was transferred by the original creditor and later claimed by an entity known as National Collegiate Student Loan Trust 2007-3, a Delaware statutory trust (hereinafter "NCT").

18. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise assigned to Defendants P&F and TSI for collection from Plaintiff.

### The *NCT v. Reed-Nolan* State Court Complaint

19. On or about July 11, 2016, Defendants filed a lawsuit in the Superior Court of Alameda County, captioned *National Collegiate Student Loan Trust 2007-3 v. Yinka Reed-Nolan, et al.*, Case No. RG16822720 ("the *NCT v. Reed-Nolan* complaint"), which sought to collect $25,803.45 in damages, plus interest and costs of suit.

20. In its First Cause of Action, the *NCT v. Reed-Nolan* complaint states the following:

> BC-1. Plaintiff (*name*): NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3, A DELAWARE STATUTORY TRUST(S) alleges that on or about (*date*): July 05, 2007 a written agreement was made made between (*name parties to the agreement*): Plaintiff's assignor, NATIONAL CITY BANK and YINKA R REED-NOLAN,
>
> A copy of the agreement is attached as Exhibit A, or
> The essential terms of the agreement are as follows:
>
> Defendant(s) entered into a written contract with NATIONAL CITY BANK, whereby Plaintiff loaned money to Defendant(s) for the financing of Education expenses. Plaintiff is the assignee of this contract. [remainder of BC-1 omitted]
>
> BC-2 On or about (*date*): September 11, 2013
> Defendant breached the agreement by ... the following acts (specify): Defendant(s) failed to make payments on the contract as agreed, or otherwise defaulted upon the contract, and despite Plaintiff's demand Defendant(s) continues to refuse to pay plaintiff the amount owed under the contract. Defendant(s) is/are in default and under the terms of the contract, Plaintiff is entitled to the unpaid balance, interest, and costs.
>
> [text of BC-3 omitted]
>
> BC-4 Plaintiff suffered damages legally (proximately) caused by Defendant's breach of the agreement As follows:
>
> 1. The principal sum of $25,803.45;
> 2. Costs of suit;
> 3. For such other and further relief as the Court deems just and fair.

21. Plaintiff is informed and believes that the actual date of breach occurred on about October 22, 2008. Plaintiff never made a single payment on this loan at any time and was not a full- or part-time student and was not entitled to any other grace period or deferment under the loan from the loan repayment period beginning September 21, 2008.

22. The *NCT v. Reed-Nolan* complaint was filed with the Superior Court of California for the County of Alameda on July 11, 2016, more than four years after October 22, 2008. Plaintiff is informed and believes and thereon alleges that the time for plaintiff to file this complaint expired on or about October 22, 2015.

23. Plaintiff did not know about the *NCT v. Reed-Nolan* complaint until about July 16, 2016.

24. Plaintiff is informed and believes, and thereon alleges, that the *NCT v. Reed-Nolan* complaint misrepresented the character, amount and legal status of the alleged debt. Plaintiff is informed and believes that NCT cannot prove standing to sue on the alleged debt.

25. The California period of limitations to recover a defaulted consumer debt on a contract that requires installment payments over a period of time accrues immediately on the breach of any required installment payment to recover money. The statute of limitations bars the cause of action on installment payments due more than four years earlier.[1]

26. NCT's claims against Plaintiff accrued more than four years prior to the filing of the *NCT v. Reed-Nolan* complaint. As a result, the *NCT v. Reed-Nolan* complaint was time-barred.

27. Plaintiff was served with process on the *NCT v. Reed-Nolan* state court complaint during September 2016.

28. In her answer (as amended) to the *NCT v. Reed-Nolan* complaint, plaintiff asserted the affirmative defenses that [p]laintiff [NCT]'s causes of action were barred by the statute of limitations in California Code of Civil Procedure section 337(1).

29. Following receipt of plaintiff's answer, Defendants maintained the time-barred lawsuit against plaintiff despite the fact that defendants failed to deny a request for admission that the causes of action in the *NCT v. Reed-Nolan* state court complaint accrued more than four years before the complaint was filed.

30. By filing and maintaining the *NCT v. Reed-Nolan* complaint, Defendants attempted to collect a time-barred debt from Plaintiff, an action that cannot

---

[1]   *Trigg v. Arnott* (1937) 22 Cal.App.2d 455, 459.

lawfully be taken. A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt.[2]

31. The amount which NCT's servicer declared due at charge-off, on or about April 1, 2014, was $23,530.82. However, defendants sent a written demand to plaintiff on April 11, 2016 which demanded $25,803.45. Similarly, when defendants filed the *NCT v. Reed-Nolan* state court complaint, defendants demanded "[t]he principal sum of $25,803.45," which is $2,272.63 more than the principal amount declared due at charge-off. Finally, defendants declared the excessive amount of $25,803.45 due in Case Management Statements apparently signed by P&F attorneys on October 18, 2016 and January 27, 2017.

32. As a result, defendants demanded more from plaintiff than is lawfully due, and attempted to collect more than is lawfully due. Defendants also made false, deceptive, and misleading representations in an attempt to collect the alleged debt.

33. Defendants' multiple acts of misconduct during the litigation, including filing and maintaining the lawsuit in an attempt to collect a time-barred debt, demanding more money than is lawfully due, seeking to collect a debt which NCT did not have the right to collect, are false, deceptive or misleading representations, and unfair or unconscionable means in connection with the collection of debt,[3] all of which amount to a continuing course of unlawful conduct which extended over a period of time.[4]

---

[2] *McCollough v. Johnson, Rodenburg & Lauinger,* 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) (affirmed by *McCollough v. Johnson, Rodenburg & Lauinger* 637 F. 3d 939 (9th Cir. 2011)

[3] 15 U.S.C. § 1692e, *McCollough v. Johnson, Rodenburg & Lauinger* (9th Cir. 2011) 637 F. 3d 939, 950-951, quoting *Heintz v. Jenkins* (1995) 514 U.S. 291, 294).

[4] *Komarova v. National Credit Acceptance, Inc.* (2009) 175 Cal. App. 4th 324, 344.

34. As a result of Defendants' abusive debt collection practices, Plaintiff has incurred actual damages including costs and attorney fees in an amount to be determined at trial.[5]

35. Plaintiffs are informed and believe, and thereon allege, that Defendants have filed and served standard form complaints in the form of on more than 40 persons in the State of California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## CLAIMS

## FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff brings the first claim for relief against Defendants P&F and TSI under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

37. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

38. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

39. Defendant TSI is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

40. Defendant P&F is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

41. The financial obligation sought to be collected from Plaintiff in the state court action is a debt as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

42. Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and

---

[5] *Owens v. Howe* (N.D. Ind. 2005) 365 F. Supp. 2d 942, 948 (the attorney fees and costs incurred defending a state court action are awardable as actual damages under 15 U.S.C. § 1692k(a)(1); (*See Lowe v. Elite Recovery Solutions, L.P.* (E.D. Cal. Feb. 4, 2008) 2008 WL 324777.)

engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

    a. using the courts in an attempt to collect a time-barred debt in violation of 15 U.S.C. §§ 1692e and 1692f;

    b. misrepresenting the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

    c. making and using false, deceptive, and misleading representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    d. attempting to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692f;

    e. attempting to collect more than is lawfully due, in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692f;

43. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

44. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

45. Pursuant to California Civil Code § 3345, Plaintiff is entitled to an award of up to three times greater than the amount authorized by 15 U.S.C. § 1692k.

<u>ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT</u>

46. Plaintiff bring the second claim for relief against Defendants NCT, P&F and TSI under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

47. Plaintiff incorporate all paragraphs in this Complaint as though fully set forth herein.

48. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

49. Defendant NCT is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

50. Defendant P&F is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

51. Defendant TSI is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

52. The financial obligation sought to be collected from Plaintiff in the state court action is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

53. Defendants NCT, P&F and TSI violated the RFDCPA, California Civil Code §§ 1788.13(e) and 1788.17 by making false and misleading representations, and engaging in unfair and abusive practices. Defendant's violations include, but are not limited to:

   a. making and using false, deceptive, and misleading representations in an attempt to collect the alleged debt, in violation of Civil Code § 1788.17;

   b. misrepresenting the character, amount or legal status of the alleged debt, in violation of Civil Code § 1788.17;

   c. attempting to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of Civil Code §§ 1788.13(e) and 1788.17;

54. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

55. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

56. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiffs are entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

57. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant named in this cause of action, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a) (2)(A)).

58. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)).

59. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## REQUEST FOR RELIEF

Plaintiffs request that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants P&F and TSI violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10) and 1692f;

c) Declare that Defendants NCT, P&F and TSI violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a), 1788.15(b), 1788.17 and 1788.18(b);

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a)(2)(A));

h) Award Plaintiffs the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)) and 1788.30(c); and

i) Award Plaintiffs such other and further relief as may be just and proper.

DATED: July 11, 2017                    /s/ James A. Michel
                                        JAMES A. MICHEL
                                        State Bar No. 184730
                                        2912 Diamond St #373
                                        San Francisco CA 94131
                                        Tel. # 415/ 239-4949
                                        Email: attyjmichel@gmail.com

                                        Attorney for Plaintiff
                                        YINKA REED-NOLAN

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff YINKA REED-NOLAN hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

DATED: July 11, 2017                    /s/ James A. Michel
                                        JAMES A. MICHEL